In the Matter of the Application of ROBERT Y. CLARK and Others, Copartners Doing Business under the Firm Name and Style of CLARK & DAVIS, Petitioners, for a Certiorari Order against REED W. SMITH, Comptroller of the Town of Harrison, New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Stay granted until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Carswell, Davis and Johnston, JJ.; Close, J., not voting.

In the Matter of the Final Accounting of JAMES F. NUGENT, as Executor, etc., of JOSEPH FOX, Deceased, Committee of the Person and Property of HELEN G. Fox, an Incompetent Person. JAMES F. NUGENT, as Executor, etc., of JOSEPH Fox, Deceased, Committee of HELEN G. Fox, an Incompetent Person, and ÆTNA ACCIDENT AND LIABILITY COMPANY (Now ÆTNA CASUALTY AND SURETY COMPANY), Appellants, Respondents; MORTIMER MAY, as Special Guardian for HELEN G. Fox, an Incompetent Person, Respondent, Appellant; EDITH M. HALL, as Substituted Committee of HELEN G. Fox, an Incompetent Person, Respondent.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 31.] The following question is certified: Upon this record should the surcharge have been made against the estate of Joseph Fox? Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

In the Matter of ROSE HELEN PADERS, an Attorney, Respondent.— Motion for reargument of motion to confirm report of official referee denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

In the Matter of the Summary Proceedings Brought by WESTCHESTER COUNTY SYNDICATE CORPORATION, Landlord, Respondent, v. FRANK G. MENKE, Tenant, Appellant.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

HENRY KAPULSKY, Respondent, v. FRANK STEINER and GUSTAVE STEINER, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

WILLIAM MARCANTONIO, an Infant, by DOMENICO MARCANTONIO, His Guardian ad Litem, Respondent, v. CITY OF BEACON, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis and Johnston, JJ.; Close, J., not voting.

DANIEL MCMAHON, JR., and MARION MCMAHON, His Wife, Respondents, v. BROOKLYN EDISON COMPANY, INC., Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

JAMES PICHINI, Respondent, v. THIRTY MAPLE PARKWAY REALTY Co., INC., and Others, Defendants; Mrs. RAFFAELA PISCOPO, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP B. KOHUT, Relator, Respondent, v. HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York, Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS MOORE, Relator, Respondent, v. HENRY K. HENDRICKSON, Sheriff of the County of Nassau, New York, Respond-

ent; The People of the State of New York, Appellant. The People of the State of New York ex rel. Thomas McGowan, Relator, Respondent, v. Henry K. Hendrickson, Sheriff of the County of Nassau, New York, Respondent; The People of the State of New York, Appellant.— Motions for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

Transit Commission, Being the Metropolitan Division of the Department of Public Service, Appellant, v. The Long Island Railroad Company, Respondent; The City of New York, Appellant-Intervenor.— Motions for leave to appeal to the Court of Appeals granted. [See ante, p. 448.] The following question is certified: On the records, was The Long Island Railroad Company guilty of a contempt? Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

Perle Ward, Respondent, v. James Wilson Riley, Appellant, and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for a stay denied. Present — Lazansky, P. J., Carswell, Davis and Johnston, JJ.; Close, J., not voting.

Allie M. Ward, Appellant, v. Charles F. Ward, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Davis, Johnston and Close, JJ.

Anna T. Haverstick, Respondent, v. Clarence Hansen & Sons, Inc., Appellant.— In an action brought to recover damages for personal injuries sustained by the plaintiff when she stepped on a broken grating in front of her own private dwelling and fell to the cellar, judgment in favor of the plaintiff on a verdict of a jury reversed on the law, with costs, and complaint dismissed, with costs. The inferences to be drawn from the facts established were within the province of the jury, and clearly the jury, under the proof here, was justified in finding that the iron grating was broken by the defendant's employees. The defendant, however, having finished its work and left the premises at least two days before the accident, is not liable in tort where it is not in occupation or control of the property. Furthermore, the plaintiff is charged with the knowledge acquired by her representatives, who were the sole occupants of the house and in charge of it, and the defendant was not bound to anticipate any danger to plaintiff from the condition the premises were left in by its employees. Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result; Taylor, J., dissents and votes to affirm.

In the Matter of the Application of The City of Mount Vernon, Petitioner, to Acquire Title to Lands of Kamy Realty Corporation and Others, Respondents. Fleetwood Terrace, Inc., Appellant; Emigrant Industrial Savings Bank, Respondent.— Order directing the treasurer of Westchester county to pay to respondent Emigrant Industrial Savings Bank a certain award in condemnation proceedings, and order denying cross-motion by appellant and its assignee to have the award paid to them, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.